**FILED**

FEB 1 0 2012

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK



THE UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF NORTH CAROLINA (WESTERN)


United States of America

V.                                    Case No: 5:09-CR-00235

Chief Judge: James C. Dever, III

Jose-Alfredo Deniz Garcia ) DEFENDANT


## MOTION TO COLLATERALLY ATTACK SENTENCE (28 U.S.C 2255)


Comes Now, Defendant Jose-Alfredo Deniz Garcia, proceeding in this pro se manner, respectfully moves this Honorable Court, in the interest of justice and due process; to grant this MOTION which seeks to collaterally attack his current sentence by requesting a "reduction in Defendant's sentence", as a result of the 'unwarranted' disparity in sentence between Defendants serving convictions in fast-track jurisdictions and non fast-track jurisdictions for the same crime (8 U.S.C 1326 (a)(b) - (illegal or unlawful reentry); to a sentence that would have resulted if Defendant were to be sentenced in fast-track jurisdictions for the same offense, so as to conduce the unwarranted disparities in sentencing, thereby providing equal protection and just punishment to all; taking into considerations all of the sentencing factors and the four level reduction authorized by Congress for early disposition programs in fast-track jurisdictions  to derive a balanced approach within the meaning of the statutory sentencing factors under 18 U.S.C 3553(a).


1

In support of the Defendant's motion, the following legal argument are avered to wit;

OVERVIEW

The Defendant, Jose-Alfredo Deniz Garcia was arrested on July 28, 2009, and charged with "Reentry of Removed Alien", subsequent to a conviction of an aggrevated felony; in violation of 8 U.S.C 1326 (a)(b). The Defendant pleaded guilty and was sentenced to sixty (60) months of imprisonment.

During the period of the Defendant's case including the plea of guilty and sentencing, the Defendant was unaware of a Congressional policy and Supreme Court precedents that allowed the District Courts to depart from the sentencing guidelines, in cases where the sentence is greater than necessary to accomplish the purpose of sentencing set forth in 18 U.S.C 3553(a); and when the sentencing court does not consider all or give equal weight to all of the sentencing factors enumerated in 18 U.S.C 3553, but places more weight on one of the sentencing factors.

In response to the need for Prosecutors to dispose of illegal reentry case and for courts to clear their dockets of such cases, Congress approved a policy statement authorizing a downward departure of not more than four (4) levels if Defendants accept plea bargaining agreements and Government files a motion pursuant to this policy.

Eventhough the Defendant's Attorney knew or should have knew of this

2

Congressional policy that authorized a downward departure of up to four levels for plea bargainings pursuant to the early disposition program for fast-track jurisdictions under the "PROTECT ACT", and eventhough Congress had authorized that this policy applies in fast-track jurisdictions, Congress did not barred the application of this Congressional policy in non-fast-track jurisdictions such as North Carolina for Defendants facing similar offense as those charged in fast-track jurisdiction (illegal or unlawful reentry cases). The Defendant's inability to have discovered this important information referenced the four (4) level point reduction authorized by Congress through due diligence during the period of Defendant's case, realizing that the Defendant's Attorney inability or ineffectiveness or failure to apply for similar considerations pursuant to this Congressional policy, eventhough the Defendant's case was not in a fast-track jurisdiction should not be allowed to prejudice the Defendant from obtaining the necessary relief under the existing Laws and Court precedents at the time of the Defendant's case and sentencing, due to the Defendant Attorney's performance or the passage of time as the Defendant could not have possible discovered this important sentencing information without legal assistance or through Due Diligence; acknowledging Defendant Attorney's inability to discover this information during the time of this instant case.

Henceforth, recognizing the importance of this Congressional policy and the importance of Supreme Court precedents, along with other non fast-track jurisdiction circuits ruling that allowed a reduction of up to four levels in the sentencing guidelines that are no longer mandatory but rather advisory, thereby allowing the District courts to depart from the sentencing guideline range when it finds a policy disagreement with the sentencing guidelines, that

3

would enable the courts to bring Defendants serving convictions in non fast-track jurisdictions into conformity with Defendants serving convictions in fast-track jurisdictions; being made possible by this Congressional policy, will avoid the unwarranted disparities in Defendant's sentence thereby bringing Defendant's sentence within the sentencing range of other Defendants in fast track jurisdictions.

The application of this Congressional policy by this Honorable Court which is also supported by various Supreme Court precedents along with other non fast-track jurisdictions would greatly enhance the administration of justice, due process and would also embrace a pattern of 'just' punishment or sentence for all Defendants facing similar charges in fast-track as well as non fast-track jurisdictions for illegal or unlawful reentry; reflecting same treatment for all as Congressional policies would require. The Supreme Court precedents supported by precedents from other circuits have all embraced a 'just' sentence pattern for all such Defendants as opposed to a 'disproportionate' disparities in sentences.

Wherefore, the Defendant, Jose-Alfredo Deniz Garcia seeks a remand from this Honorable Court to vacate, set aside or correct his sentence from the current sixty (60) months by applying up to four (4) level reduction authorized by Congress, because the Supreme Court precedents and precedents from other circuits including this Congressional policy were in effect during the Defendant's plea bargaining and sentencing. The existence of these authorities of Law evidently made the, up to four level point reduction applicable in the Defendant's case and the failure of the Defendant's Attorney to seize upon this relief due to such ineffectiveness should not be allowed to prejudiced

4

the Defendant from obtaining similar relief, when such relief is available under this postconviction remedy (28 U.S.C 2255), under the Law.

The Defendant therefore request a remand for the District Court to consider imposing a lower sentence of up to four level point reduction in Defendant's current sentence as a result of the disparity created by the existence of the early disposition program for Defendants in fast-track jurisdictions versus Defendants in non fast-track jurisdictions.

## JURISDICTION

This Honorable court has jurisdiction to grant a motion which seeks to collaterally attack sentence under 28 U.S.C 2255, because it is a continuation of the Defendant's previous criminal case and not a new case and to also consider the reduction of the Defendant's sentencing guidelines by up to four levels as authorized by Congress for Defendants facing illegal or unlawful reentry cases in fast-track jurisdictions, eventhough Defendant's Attorney failed to request such reduction during plea bargaining but justice would permit the application of the Law or a new rule prospectively to all who are similarly situated under existing remedies.

28 U.S.C 2255 states in relevant sections that: A prisoner in custody under a sentence of a Court establish by an Act of Congress claiming the right,... or is otherwise subject to collateral attack, may move the Court which impose the sentence to vacate, set aside or correct the sentence.

The 1-year period of limitation that applies to motions under this section can

5

be implicitly extended and authorized in count 4 which states:

(4) the date on which facts supporting claims or claims presented could have been discovered through the exercise of due diligence.

The Defendant could not have discover this important legal information without assistance, and have until recently obtained such assistance in locating this information and is filing this motion so that the court will consider the application of up to four level reduction in Defendant's sentencing guidelines as a result of this Congressional policy which is applicable to the early disposition program in fast track jurisdictions but have not been necessarily barred from being applied to Defendants in non fast-track jurisdictions because the failure to consider this four level point reduction would create an unwarranted disparity amongst Defendants facing the same charge.

6

## LEGAL ARGUMENT

Arellano Isidro Camacho, a Mexican citizen, pleaded guilty to "Unlawful reentry" into the United States after deportation; in violation of 8 U.S.C 1326(a)(b), and was sentenced to fifty-seven (57) months of imprisonment. Camacho-Arellano sought a remand for the Sentencing Court in Tennessee (a non-fast-track) jurisdictional court, to consider the imposition of a lower sentence based on disparities created by the existence of "fast-track" early-disposition program that allowed a reduction of up to four levels for illegal reentry cases in fast-track jurisdictions (border states).

The United States Court of Appeals for the sixth circuit reasoned that: because Camacho-Arellano was sentenced before **Kimbrough v. United States**, 552 U.S 85, 128 S.Ct 558, 169 L.Ed.2d 481 (2007), and because Kimbrough permits District judges to impose a variance based on policy disagreement with the underlying guideline (fast-track disparity) in this case, Camacho-Arellano's sentence was vacated and remanded to the district court for resentencing. See: United States v. Camacho-Arellano, 614 F.3d 244 (6th Cir. 2010).

Similarly, the Defendant Jose-Alfredo Deniz Garcia, also pleaded guilty to "Reentry of Removed Alien", into the United States in violation of 8 U.S.C 1326 (a)(b), and was sentenced to sixty (60) months of imprisonment; a sentence that exceeded Camacho-Arellano's sentence for which he appeal. Jose-Alfredo Deniz Garcia similarly seeks this Honorable Court to vacate, set aside or correct his sentence in accordance with 28 U.S.C 2255 provisions by requesting the Court to take into consider reduction of up to four levels in his current sentence because like Camacho-Arellano, the Defendant, Jose-Alfredo Deniz Garcia is similarly situated to receive up to the four level points reduction authorized by Congressional policy, the Supreme Court's precedents and the sixth circuit's recent ruling in similar case in favor of

7

Camacho-Arellano. The Defendant Jose-Alfredo Deniz Garcia therefore relies on the following precedents in support of this claim:

*Kimbrough v. United States, 552 U.S 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)
*Spears v. U.S, __ U.S __, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009)
*United States v. Camacho-Arellano, 614 F.3d 244 (6th Cir. 2010)

Unlawful reentry convictions in fast-track jurisdictions versus unlawful reentry convictions in non-fast track jurisdictions such as North Carolina have created an unwarranted disparity within the meaning of statutory sentencing factors and is at variance with 18 U.S.C 3553(a).

The disproportionate and unjust effect that "disparity" of sentences imposed in fast-track jurisdictions as opposed to jurisdictions without early disposition programs which Congress have approved up to four level reductions have adversely affected Defendant Jose-Alfredo Deniz Garcia's sentence by an upward increase of up to four levels. If for instance, Defendant Jose-Alfredo Deniz Garcia was sentenced in jurisdictions with early disposition fast-track programs like "Camacho-Arellano", as the Camacho's court has opined; the Defendant's current sixty (60) months sentence would have received a downward reduction of up to four levels which would have lower Defendant's Jose-Alfredo Deniz Garcia's sentence because the Congressional policy approved by Congress would have applied.

Eventhough Defendant Garcia was sentenced for the same charge as "Camacho", and eventhough Camacho was sentenced in a non fast-track jurisdiction such as "Tennessee", Defendant Garcia who was also sentenced in a non fast-track

Case 5:09-cr-00235-D   Document 35   Filed 02/10/12   Page 8 of 11

jurisdiction (North Carolina), received a much more severe sentence creating an unwarranted disparity in sentence among non fast-track jurisdictions. Like Garcia, the charges against Camacho was much more aggrevating in that Camacho was arrested following his Unlawful reentry based on the commission of a new crime but was given a much less sentence in contrast to Garcia who was only arrested on Reentry charges that did not involve any new charge.

However, Camacho-Arellano appealed his sentence of fifty-three (53) month after he pleaded guilty having being sentenced in a non fast-track jurisdiction. Camacho-Arellano requested that the four level point reduction authorized by Congress for early disposition programs in fast-track jurisdictions be applied to his sentence so as to remedial the enormous disparity in sentences for Defendants like Jose-Alfredo Deniz Garcia who are being sentenced in non fast-track jurisdiction to a much more severe sentence as compared to other Defendants charge with the same offense in fast-track jurisdictions, so that sentences imposed in non fast-track jurisdictions will reflect a sentence that is not greater than necessary to achieve all of the sentencing factors under 18 U.S.C 3553(a).

Defendant Jose-Alfredo Deniz Garcia beleives that the Congressional policy that authorized the four level point reduction was not intended to create sentence disparity between Defendants in fast-track jurisdiction with early disposition programs and Defendants facing the same charges in non-fast track jurisdictions like Tennessee and North Carolina. The Defendant believes that the purpose of this Congressional policy was to alleviate the prosecutorial burden of having to deal with enormous pretrial issues through plea bargainings and to clear the dockets of Courts. And, if Defendants in non fast-

9

track jurisdictions similarly plea guilty to the same charge as Defendants in fast-track jurisdictions to achieve this same Congressional goal; it is most likely that the application of up to four level point reduction would be in **sync** with the goal, objectives and intent of the Congressional policy authorizing such reduction. Moreover, since these precedents did apply during the Defendant's sentencing but Defendant's Attorney failure to seek or secure this reduction based on these existing precedents, have adversely **prejudice** the Defendant. This situation, the Defendant believes, have led this Honorable Court to **impose a sentence that is greater than necessary** to achieve 18 U.S.C 3553 sentencing factors.

WHEREFORE, the Defendant relying on these statutory considerations (18 U.S.C 3553), the Supreme court precedents mentioned supra as well as the sixth circuit's recent ruling in the case; **United States v. Camacho-Arellano**, which also relied upon the Supreme Court precedents mentioned supra, prays that this Honorable Court grants this MOTION; vacate Defendant's sentence and correct the sentence imposed by reducing Defendant's current sentence by **up to four (4) level point reduction and any other available relief that the Court may find,** in the interest of justice and due process that would mitigate the disparity in Defendant's current sentence. The Defendant therefore prays, that this motion be GRANTED.

Respectfully Submitted,

My Commission Expires 11-23-2014

_Jose Deniz_
Jose-Alfredo Deniz Garcia

# 517810-056
D E F E N D A N T

Done and notarized on this _7_ day of February 2012.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was served upon the United States Assistant Attorney's office by depositing same in the inmate mail box at the RIVERS Correctional Institution, Winton, North Carolina on February 8, 2012.

February 5, 2012

John S. Bowler
United States Assistant Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601

Respectfully Submitted,

Jose Deniz

Jose-Alfredo Deniz Garcia
**D E F E N D A N T**

Sworn to and subscribed before me
this 7 day of February , 20 12

Notary Public

My commission expires 11-23 , 20 14

11